UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:26-cv-03261-MCS-AYP** | Date | October 2, 2026 |
| Title | ***Alejandro Fernandez Suarez v. ImmunityBio, Inc.*** | | |

| | |
|---|---|
| Present: The Honorable | Mark C. Scarsi, United States District Judge |

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff: | Attorney(s) Present for Defendants: |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER RE: MOTION TO DISMISS (ECF NO. 65)**

This is a securities class action. In brief, Lead Plaintiff Alejandro Fernandez Suarez alleges that Defendant Patrick Soon-Shiong made false and misleading statements on a podcast about a cancer-treating product developed by Defendant ImmunityBio, Inc., artificially inflating ImmunityBio's stock price. (*See generally* Am. Compl., ECF No. 60.) Defendants move to dismiss the amended complaint. (Mot., ECF No. 65-1.) The Court deems the motion appropriate for decision without oral argument and vacates the hearing set for November 9, 2026. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

Plaintiff did not file a timely response to the motion. (*See* Initial Standing Order § 9(b), ECF No. 52 (setting briefing deadlines departing from local rules).) The Court deems Lead Plaintiff's failure to timely respond to the motion as his consent to the granting of the motion. C.D. Cal. R. 7-12; *e.g.*, *Whitten v. Screen Actors Guild*, No. CV 19-5818-DMG (JEMx), 2019 U.S. Dist. LEXIS 185223, at *2 (C.D. Cal. Oct. 24, 2019) (granting motion to dismiss for failure to file a timely opposition); *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

In particular, the Court deems conceded Defendants' argument that Lead Plaintiff's allegations toward the falsity or misleading nature of the statements at issue are insufficient to the extent they rest on a Food and Drug Administration warning letter. (Mot. 8–12.) "FDA warning letters are . . . not dispositive or even necessarily probative of falsity claims under the Exchange Act." *Sneed v. Talphera, Inc.*, 147 F.4th 1123, 1133 (9th Cir. 2025). The Court also credits Defendants' argument that the amended complaint does not adequately explain how reasonable "investors would have understood Dr. Soon-Shiong to have announced perhaps the greatest medical achievement in human history on a podcast, i.e., a cure for cancer." (Mot. 12.)

Notwithstanding the pleading deficiencies identified in this Order, because Lead Plaintiff plausibly could plead additional facts tending to support falsity, and given the Ninth Circuit policy of granting leave to amend with "extreme liberality," *Jensen v. Brown*, 131 F.4th 677, 701 (9th Cir. 2025) (internal quotation marks omitted), the Court gives Lead Plaintiff leave to amend.[1]

The Court grants the motion.[2] Lead Plaintiff may file a further amended complaint within 14 days of entry of this Order if he can do so in accordance with Federal Rule of Civil Procedure 11(b) and this Order. Lead Plaintiff's amended complaint must be accompanied by a redline version tracking all changes. (Initial Standing Order § 10(a).) Leave to add new parties or claims must be sought by a separate, properly noticed motion. Failure to file a timely amended complaint—or a notice that Lead Plaintiff stands by the dismissed complaint and consents to entry of an appealable judgment—will result in dismissal for lack of prosecution without further warning.

**IT IS SO ORDERED.**

---

[1] The Court renders no opinion on the merits of Defendants' other arguments. Lead Plaintiff may, however, augment his allegations in response to the arguments without seeking further leave of the Court.

[2] Defendant filed a request for judicial notice in support of its motion. (RJN, ECF No. 66.) Given the disposition of this Order, the Court denies the request as unnecessary. *See Japanese Vill., LLC v. Fed. Transit Admin.*, 843 F.3d 445, 454 (9th Cir. 2016).